**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO**

**LESLIE TURNER and NIYA OTOO, Plaintiffs,**

5:26 CV 603

**v.**

**SUMMIT COUNTY BOARD OF DEVELOPMENTAL DISABILITIES, CONNIE SWAIN, in her individual and official capacity, and CLINTON HOUSEHOLDER, in his individual and official capacity, Defendants.**

FILED

MAR 13 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

**Case No.: 2025 GA 00018**

**Judge: JUDGE ELINORE MARSH STORMER**

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) AND VIOLATION OF THE AMERICANS WITH DISABILITIES ACT JURY DEMAND ENDORSED**

**JUDGE BRENNAN**

**MAG. JUDGE GREENBERG**

**INTRODUCTION**

1. This is a civil rights action for declaratory, injunctive, and monetary relief brought under 42 U.S.C. § 1983 to remedy the deprivation of Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution and under the Americans with Disabilities Act ("ADA").

2. This case arises from a coordinated, bad-faith campaign by state and county officials to punish and remove Plaintiff Leslie Turner as the legal guardian for her adult daughter, Plaintiff Niya Otoo, in retaliation for Ms. Turner's protected First Amendment activity: her successful advocacy against the unlawful institutionalization of Ms. Otoo and her fulfillment of her mandatory duty to report abuse and neglect.

3. The Defendants have weaponized the state probate court system, initiating a fraudulent removal proceeding based on a complaint that is nonsensical and self-contradictory on its face. The action is supported by the fabricated report and perjured

testimony of Defendant Court Investigator Connie Swain and presided over by Defendant Magistrate Clinton Householder, who has demonstrated profound bias by not only accepting the fraudulent evidence but by issuing an unconstitutional order that strips Ms. Turner of her fundamental right of access to the courts.

4. The state court proceeding is a sham, designed not to protect a ward, but to silence a vigilant advocate. The state court has already demonstrated its unwillingness to protect Plaintiffs' federal rights, necessitating the intervention of this Court to enjoin an ongoing and irreparable constitutional injury.

**JURISDICTION AND VENUE**

5. This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 (federal question) and 1343(a)(3) (civil rights).

6. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b), as all events giving rise to the claims occurred within this judicial district, and all Defendants reside in this district.

**PARTIES**

7. Plaintiff **LESLIE TURNER** is an adult citizen of the United States and a resident of Summit County, Ohio. She is the court-appointed guardian for her adult daughter, Niya Otoo.

8. Plaintiff **NIYA OTOO** is an adult citizen of the United States and a resident of Summit County, Ohio. Ms. Otoo has been diagnosed with autism and developmental disabilities. She is a "qualified individual with a disability" as defined by the Americans with Disabilities Act.

9. Defendant **SUMMIT COUNTY BOARD OF DEVELOPMENTAL DISABILITIES ("Summit DD")** is a county agency organized under the laws of the

State of Ohio and a political subdivision of Summit County. It is responsible for the administration of services for individuals with developmental disabilities and acts under color of state law.

10. Defendant **CONNIE SWAIN, LSW,** is an individual employed by the Summit County Probate Court as a Court Investigator. At all times relevant to this complaint, she acted in both her individual and official capacities under color of state law.

11. Defendant **CLINTON HOUSEHOLDER** is an individual employed by the Summit County Probate Court as a Magistrate. At all times relevant to this complaint, he acted in both his individual and official capacities under color of state law.

**FACTUAL ALLEGATIONS**

**A. The Guardianship and Successful Advocacy for Community-Based Care**

12. On April 9, 2025, Plaintiff Leslie Turner was appointed as the legal guardian of her daughter, Plaintiff Niya Otoo, by the Summit County Probate Court. The appointment was supported by Court Investigator Connie Swain, who found Ms. Turner to be a fit and proper guardian.

13. In May 2025, Ms. Otoo was approved for an IO (Individual Options) Waiver under Medicaid, providing funding for 24/7 in-home supports and a Behavioral Add-On due to her significant needs. This approval constituted a determination by the state that community-based care was appropriate for her under the ADA and the Supreme Court's holding in *Olmstead v. L.C.*

14. Immediately thereafter, agents of Defendant Summit DD began a campaign to have Ms. Otoo placed in a more restrictive and segregated Intermediate Care Facility (ICF), contrary to the *Olmstead* mandate. Summit DD agents stated that for individuals with 24/7 needs, "they have ICFs for that."

15. Plaintiff Turner, acting as a zealous advocate, refused to consent to this unlawful institutionalization. She insisted on her daughter's federally protected right to receive care in the most integrated setting appropriate to her needs.

**B. Retaliation by Summit DD**

16. In direct response to Ms. Turner's advocacy, Summit DD engaged in a pattern of retaliation. In August 2025, Summit DD published an unauthorized Individual Service Plan (ISP) that illegally reduced Ms. Otoo's approved services by 76%, creating a dangerous and unstable living situation.

17. Ms. Turner refused to sign the unsafe ISP and fulfilled her legal duty as a mandatory reporter by filing Major Unusual Incident (MUI) reports detailing the neglect and abuse inherent in the agency's actions.

18. On October 16, 2025, just one week after Ms. Turner formally notified Summit DD that she would not agree to the termination of her daughter's services, Summit DD filed a complaint with the Probate Court to have Ms. Turner removed as guardian.

**C. The Fraudulent State Court Complaint**

19. The removal complaint filed by Summit DD was fraudulent on its face. The agency claimed that its investigation was based on information contained in Ms. Otoo's school records. However, the agency's request for authorization to obtain these very transcripts was submitted as part of the complaint itself.

20. It is a logical and temporal impossibility for Summit DD to have based its prior investigation on information that it simultaneously admitted it did not possess and was only then attempting to acquire. This proves the agency's stated justification was a pretextual lie.

21. Further evidencing the fraud, the records release form attached to the complaint listed the address for the "Cuyahoga Falls City School District" as 2355 Second St., Cuyahoga Falls, OH 44221, which is the administrative address of Summit DD itself.

**D. The Perjured Investigation by Defendant Connie Swain**

22. The Probate Court assigned Defendant Connie Swain, the same investigator who had approved Ms. Turner nine months earlier, to investigate the removal complaint.

23. In January 2026, Defendant Swain submitted a report to the court filled with fabrications and recommending Ms. Turner's removal. This report formed the primary basis for the Magistrate's subsequent actions.

24. At an evidentiary hearing on January 16, 2026, Defendant Swain testified under oath that her investigation included a thorough review and an interview with the guardian, Plaintiff Leslie Turner.

25. This was a lie. Defendant Swain never interviewed, spoke with, or otherwise contacted Plaintiff Turner at any point during her investigation.

26. Defendant Swain's report and testimony included numerous other provable falsehoods, including:

    a. A mathematically impossible claim that Ms. Turner caused a "3-4 year regression" in her daughter's development in just nine months.

    b. The fabrication of a non-existent doctor, "Dr. Caitlin Irwin."

    c. A false claim that Ms. Turner had reported her daughter as "non-verbal," which was used to tamper with and manipulate the opinion of a court-appointed expert.

    d. A gross misrepresentation of Ms. Otoo's highly qualified professional care providers as merely "unqualified family."

**E. Procedural Irregularities and Unconstitutional Orders by Defendant Clinton Householder**

27. On February 6, 2026, Defendant Magistrate Clinton Householder issued an order based entirely on the perjured investigation of Defendant Swain. The order imposed punitive and unconstitutional conditions on Ms. Turner.

28. The investigator's report, dated January 16, 2026, was not filed on the court docket until February 5, 2026—the day before the Magistrate's decision. This made it impossible for Ms. Turner to review or rebut the report's falsehoods.

29. The procedural defect is confirmed by the court's own records. On February 5, 2026, the Guardian obtained a complete, **certified copy of the case record** from the Summit County Probate Court Clerk. The investigator's report and another key document relied upon by the Magistrate—a therapist attendance log—are both suspiciously **MISSING** from that official, certified record.

30. The certified case record obtained by the Guardian on February 5, 2026, is itself procedurally defective and demonstrates the court's untrustworthy record-keeping. The certified record contains no docket sheet to index its contents and, critically, contains no page numbers or Bates stamping, making it impossible to verify its completeness and integrity. This lack of pagination provides objective proof that key documents are missing and refutes any possibility that the Guardian herself could have removed them.

31. The Magistrate's order, based on evidence outside the official record, included an unconstitutional provision explicitly prohibiting Ms. Turner from filing any documents with the court or proceeding *pro se*, and requiring her to maintain legal counsel, which she cannot afford.

32. This order functions as a complete denial of Ms. Turner's right of access to the courts and ensures that she will be unable to present a defense at the final removal hearing scheduled for April 13, 2026.

**COUNT I: 42 U.S.C. § 1983 – First Amendment Retaliation (Against Defendant Summit DD)**

33. Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

34. Plaintiff Turner's advocacy on behalf of Plaintiff Otoo, including her opposition to unlawful institutionalization and her filing of mandatory abuse reports, constitutes speech and petitioning activity protected by the First Amendment.

35. Defendant Summit DD's action in filing a baseless and fraudulent removal complaint was motivated by a retaliatory animus intended to punish Ms. Turner for her protected advocacy and to chill future advocacy.

36. This retaliation has caused and will continue to cause Plaintiffs to suffer injury, including emotional distress, the potential loss of guardianship, and the imminent threat of unlawful institutionalization.

**COUNT II: 42 U.S.C. § 1983 – Deprivation of Procedural Due Process (Against Defendants Swain and Householder)**

37. Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

38. The Fourteenth Amendment to the U.S. Constitution provides that no state shall deprive any person of liberty or property without due process of law. Plaintiff Turner has a protected liberty interest in the care, custody, and management of her daughter through the guardianship.

39. Defendant Swain, acting under color of law, deprived Plaintiff Turner of due process by conducting a sham investigation based on perjury and fabricated evidence, thereby denying her a fair and impartial hearing.

40. Defendant Householder, acting under color of law, deprived Plaintiff Turner of due process by relying on the fraudulent investigation and, most egregiously, by issuing an unconstitutional order that explicitly denies her the right to be heard and access the court.

**COUNT III: Violation of the Americans with Disabilities Act, Title II (Against Defendant Summit DD)**

41. Plaintiffs re-allege and incorporate by reference the preceding paragraphs.

42. Title II of the ADA and its implementing regulations, as interpreted by *Olmstead v. L.C.*, prohibit a public entity from discriminating against a qualified individual with a disability by providing services in a manner that leads to unjustified segregation and isolation.

43. Defendant Summit DD has engaged in a systematic effort to force Plaintiff Otoo from her approved community-based placement into a segregated institutional setting, in violation of the ADA's integration mandate.

44. The retaliatory removal action against Plaintiff Turner is a continuation of this discriminatory conduct, as its purpose is to remove the primary obstacle to Ms. Otoo's unlawful institutionalization.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against the Defendants, and grant the following relief:

A. A **declaratory judgment** that Defendants have violated Plaintiffs' rights under the First and Fourteenth Amendments and the Americans with Disabilities Act. B. A **temporary restraining order and preliminary and permanent injunction** enjoining Defendants from proceeding with the removal hearing in the Summit County Probate Court and enjoining the enforcement of the unconstitutional orders issued therein. C. **Compensatory damages** in an

amount to be determined at trial for the emotional distress, dignitary harm, and other injuries suffered by Plaintiffs. D. **Punitive damages** against Defendants Swain and Householder in their individual capacities for their willful and malicious violation of Plaintiffs' constitutional rights. E. **Reasonable attorneys' fees and costs** pursuant to 42 U.S.C. § 1988. F. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 13, 2026

Respectfully submitted,

**Leslie Turner Plaintiff, Pro Se** 567 ReedAve Akron, OH, 44301 (330) 203-9959

leslieturner90@yahoo.com

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO**

5:26 CV 603

**LESLIE TURNER and NIYA OTOO, Plaintiffs,**

JUDGE BRENNAN
MAG. JUDGE GREENBERG

**v.**

**SUMMIT COUNTY BOARD OF DEVELOPMENTAL DISABILITIES, CONNIE SWAIN, in her individual and official capacity, and CLINTON HOUSEHOLDER, in his individual and official capacity, Defendants.**

FILED
MAR 13 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

**Case No.: 2025 GA 00018**

**Judge: JUDGE ELINORE MARSH STORMER**

**PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**