UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LESLIE TURNER, *et al.*, | ) | CASE NO.  5:26-cv-00603 |
| | ) | |
| Plaintiffs, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| SUMMIT COUNTY BOARD OF | ) | **OPINION AND ORDER** |
| DEVELOPMENTAL DISABILITIES, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiffs Leslie Turner's ("Turner") and Niya Otoo's ("Otoo") (collectively "Plaintiffs") Complaint under 42 U.S.C. § 1983.  (Doc. 1.)  Plaintiffs also filed Motion for a Temporary Restraining Order and Preliminry Injunction (Doc. 2) and Motion to Expedite Consideration (Doc. 3), which the Court DENIES by separate Order.

## I.      BACKGROUND

On March 13, 2026, Turner filed a fee-paid civil complaint in this case under 42 U.S.C. § 1983, on behalf of herself and her adult daughter, Otoo, against the Summit County Board of Developmental Disabilities ("SCBDD"), Summit County Probate Court Investigator Connie Swain, and Summit County Probate Court Magistrate Clinton Householder (collectively "Defendants").  (Doc. 1.)  Her Complaint pertains to Otoo's guardianship proceeding that is pending in Summit County Probate Court.  (*Id.* at ¶ 2; *see In the Matter of Guardianship of: Niya Otoo*, Case No. 2025-GA-00018 (Summit Cnty. Pr. Ct.).)

Turner alleges SCBDD initiated a complaint in probate court to have her removed as Otoo's guardian.  (Doc. 1 at ¶ 18.)  She contends Defendants violated her and her daughter's federal rights in connection with the removal proceedings.  Turner alleges the removal complaint

filed by SCBDD in the guardianship case is "fraudulent on its face," based on a "fabricated report and perjured testimony of . . . Court Investigator Connie Swain," and that Magistrate Householder has "demonstrated profound bias" in the case by issuing orders imposing "punitive and unconstitutional conditions" on her, including prohibiting her from filing documents *pro se*. (*Id*. at ¶¶ 3, 19, 31.)

For relief, she seeks a declaratory judgment that Defendants violated her rights under the First and Fourteenth Amendments and her daughter's rights under the Americans with Disabilities Act; a temporary restraining order and permanent injunction "enjoining Defendants from proceeding with the removal hearing" and enforcing "unconstitutional orders"; and compensatory and punitive damages. (*Id.* at 8-9.)[1]

In addition to the Complaint, Turner filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking to "enjoin Defendants from proceeding with a guardianship removal hearing scheduled for April 13, 2026." (Doc. 2 at 14.) On March 25, 2026, she also filed a "Motion to Expedite Consideration" of her temporary restraining order. (Doc. 3.) For the reasons stated in the Court's separate order, the motions for emergency relief are denied. (*See* 4/13/2026 Non-Document Order.)

## II.     LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd*., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). The

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination. Complaint citations are to the internal paragraph notations.

Federal Rules of Civil Procedure provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3).

Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 17, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987), federal courts must abstain from exercising jurisdiction in cases interfering with state proceedings involving important state interests absent extraordinary circumstances.  Federal court abstention is mandated where a state-court proceeding is criminal, quasi-criminal, or civil in nature where federal court intervention "unduly interfere[s] with the legitimate activities of the States."  *Younger*, 401 U.S. at 44; *see also Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988).

Abstention is appropriate where: (1) a state proceeding is ongoing; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords an adequate opportunity to raise federal concerns.  *Middlesex Cnty. Ethics Comm. v. Garden State Bar A*ss'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*).

All three factors supporting abstention are present.[2]  First, Turner asks the Court to intervene in a pending state guardianship proceeding.  Second, such a proceeding implicates important state interests.  *See Meyers v. Franklin Cnty. Ct. of C.P.*, 23 F. App'x 201, 206 (6th Cir. 2001) (upholding district court order dismissing federal civil rights complaint requesting declaratory and injunctive relief from guardianship order issued by Ohio juvenile court); *Hart v.*

---

[2] Further, Turner cannot assert claims on behalf of Otoo because an individual may not appear *pro se* to represent anyone other than herself in federal court.  *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003).  While Federal Rule of Civil Procedure 17(c) allows the guardian of an incompetent person to sue on the incompetent's behalf, the rule does not allow the guardian to appear *pro se*.  A guardian must appear through counsel.

*Bond*, No. 14 CV 205, 2014 WL 3532908, 2014 U.S. Dist. LEXIS 96068, at \*10-11 (N.D. Ohio July 15, 2014) (state of Ohio has important interests in probate court guardianship cases).

As to the third *Younger* requirement, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979).  Courts initially "must presume that the state courts are able to protect the interests of [a] federal plaintiff," and the burden of establishing the inadequacy of the state courts rests on the plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil*, 481 U.S. at 15).  Where a plaintiff has not attempted to present her federal claims in state court proceedings, the federal court should assume that state procedures will afford an adequate remedy in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15.  Here, although Turner complains that "[t]he state court removal proceeding is a sham," is based on false testimony, and references the emergency motion she filed in the state court case on March 9, 2026 (Doc. 2 at 4, 6), she has not shown she attempted to assert the federal claims she raises in this lawsuit in the Summit County Probate Court guardianship proceeding or cited to unambiguous authority demonstrating she is precluded by state procedures from doing so. "And there is no suggestion in the [C]omplaint that any purported claim in this federal lawsuit is barred in the state action." *Miller v. Richland Cnty. Child. Servs.*, No. 25cv1675, 2025 WL 3085033, 2025 U.S. Dist. LEXIS 217842, at \*11-12 (N.D. Ohio Nov. 5, 2025).

Accordingly, under *Younger*, the Court must abstain from interfering with Plaintiffs' pending state court proceedings.[3]  *See Hart*, 2014 U.S. Dist. LEXIS 96068, at \*10-11 (declining to assert jurisdiction over claims challenging state guardianship proceedings); *Poole v. Cabinet*

---

[3] This case does not implicate any exception to the *Younger* doctrine. *See Ada–Cascade Watch Co., Inc. v. Cascade Res. Recovery, Inc.*, 720 F.2d 897, 902 n. 2 (6th Cir. 1983) (listing exceptions to *Younger*).

*for Health and Fam. Servs.*, 21-CV-22, 2021 WL 2096713, 2021 U.S. Dist. LEXIS 97772, at *5-6 (W.D. Ky May 24, 2021) (same).

## III. CONCLUSION

For the reasons stated herein, this matter is STAYED pending final resolution of *In the Matter of Guardianship of: Niya Otoo*, Case No. 2025-GA-00018 (Summit Cnty. Pr. Ct.).  This case is administratively closed, subject to reopening if Plaintiffs timely file a motion to reopen demonstrating the above-listed state court matter has reached finality, meaning resolution by settlement agreement or exhaustion of all appeals.  No claims or defenses are waived as a result of this Order.  Any motion to reopen must be filed no later than fourteen (14) days after the state court matter is fully resolved.  Failure to timely move the Court to reopen may result in an order denying the motion and all claims being dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

**Date:**  April 13, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE